**BakerHostetler**

April 26, 2023

> **SO ORDERED**
>
> _Valerie Figueredo_
> VALERIE FIGUEREDO
> United States Magistrate Judge
>
> Dated: 4-28-2023
>
> A discovery conference is hereby scheduled for **Tuesday, May 23, 2023 at 10:00 a.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code 9781335.

Via ECF

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New Yor, New York 10007

Re: US Foods, Inc. v. Remcoda, LLC Case No. 1:22-cv-09663 – Request for Pre-Motion Discovery Conference

Dear Judge Torres:

Under Rule 37.2 of the Local Rules of the Southern District of New York and Rule II(C) of Your Honor's Individual Practices in Civil Cases, plaintiff US Foods, Inc. ("USF") and defendant Remcoda, LLC ("Remcoda") submit this joint letter for a pre-motion discovery conference concerning Remcoda's responses and objections to five of USF's requests for production of documents. The parties' respective positions are summarized in Sections I and II below.

The parties met and conferred several times on these issues before filing this letter, including:

- via telephone on March 24 for approximately an hour.
- via telephone on April 3 for approximately an hour.
- via telephone on April 19 for approximately fifteen minutes.

Torello H. Calvani from Baker & Hostetler, LLP participated in each of the above meet and confer discussions on behalf of USF. Glen Lenihan and Jennifer R. Pierce from Oved & Oved LLP participated in each of the above meet and confer discussions on behalf of Remcoda.

April 26, 2023
Page 2

I.      **USF's Position**

This is a breach of contract and breach of warranty action. In 2020 and 2021, USF purchased approximately 79 million nitrile gloves from Remcoda and paid Remcoda just over $10 million for the gloves. USF alleges that, instead of delivering the nitrile gloves that were ordered, Remcoda delivered gloves made of vinyl, in cases and boxes that mislabeled the gloves as nitrile. USF further alleges that it demanded a refund for the gloves, which Remcoda failed to provide. One of the key factual disputes in the case is whether the gloves were vinyl (as USF contends) or nitrile (as Remcoda contends).

      A.      **Remcoda Refuses to Produce Internal Communications and Communications With Third Parties About the Composition of the Gloves.**

In order to discover information directly relevant to this disputed factual issue, USF served on Remcoda, *inter alia*, four Requests for Production ("**RFP**") that sought communications (both internally at Remcoda and between Remcoda and third parties) relating to Remcoda's ability to deliver nitrile gloves to USF, the quality and composition of the gloves delivered to USF (including whether the gloves were nitrile or vinyl), and any tests performed on the gloves (particularly tests to identify the composition of the gloves). USF also sought communications between Remcoda and any other customers about other customer complaints about the composition of gloves delivered by Remcoda. (For the Court's ease of reference, USF has reproduced these RFPs – Nos. 13, 14, 19, 20, and 28 – in the attached **Exhibit A**, along with Remcoda's objections. USF also attaches the full set of Remcoda's objections and responses to USF's RFPs as **Exhibit B**.)

Remcoda made the same form objection to each of the RFPs. (*See* Exs. A and B). During the parties' meet and confer, Remcoda's counsel took the position that any internal communications, or communications with third parties, was not relevant to USF's breach of contract and breach of warranty claims. But, given that Remcoda contends that the gloves delivered to USF were nitrile, and not vinyl, USF is entitled to discover any communications that Remcoda had internally, or with third parties, regarding the composition of the gloves. As explained above, this is one of the primary factual disputes in the case, and Remcoda has offered no defensible basis for why such communications should be off-limits to discovery. In fact, Remcoda's steadfast refusal to produce such communications, even though they are clearly relevant, suggests to USF that these communications might contain admissions by Remcoda, or by third parties, that contradict Remcoda's position in this case that the gloves delivered were nitrile.[1]

Remcoda's communications with other customers that made similar complaints are relevant for two additional reasons. First, Remcoda contends that USF failed to promptly notify Remcoda that the gloves delivered were vinyl, and not nitrile, thus prejudicing Remcoda. But, if other customers made similar complaints to Remcoda before USF did in November 2021, then

---

[1] During the meet and confer process, Remcoda agreed to a partial production under RFP No. 20, as reflected in Ex. A, but is still resisting the production of responsive communications, other than those that relate specifically to tests on the composition of the gloves.

April 26, 2023
Page 3

Remcoda was already aware of the issue, which is relevant to any claim of prejudice. Indeed, at least one other customer – Sysco Corporation – has also filed suit against Remcoda for the same issue – e.g., the delivery of vinyl gloves instead of nitrile gloves – and alleges that Sysco put Remcoda on notice of the issue as early as March 2021.[2]

Second, § 1-304 of the UCC imposes an obligation of good faith and fair dealing in every sale of goods relationship, with "good faith" defined as "honesty in fact and the observance of reasonable commercial standards of fair dealing. UCC § 1-201. If another customer complained to Remcoda about the failure to deliver nitrile gloves, USF contends that a reasonable seller would have notified USF under the seller's duty of good faith and fair dealing. As it turned out, Remcoda never notified USF of any potential issue with the composition of the gloves; instead, USF discovered the issue on its own, after receiving third-party test results in October 2021 that confirmed the gloves were vinyl, not nitrile, and Remcoda still refused to provide any refund for the gloves.

USF, in short, is asking Remcoda to produce its communications related to a key factual dispute in the case. Remcoda's objections to producing these documents are unfounded and should be overruled.

## II. Remcoda's Position

The Court should reject USF's transparent attempt to leverage its massive financial advantage and abuse the discovery process to obtain documents entirely unrelated to its claims. On March 15, 2023, Remcoda filed a motion to dismiss the First Amended Complaint (Dkt. 24, the "FAC") in full, which is fully briefed. *See* Dkt. Nos. 36-38, 41, 42. As Remcoda demonstrated in its motion, USF's claims each rely on the same basic allegation: that Remcoda delivered nonconforming gloves pursuant to their agreement. Indeed, in the FAC, USF asserts a single "Breach of Contract/Warranty" claim against Remcoda for "failing to deliver" nitrile gloves. Importantly, the FAC does not allege a claim for breach of the covenant of good faith and fair dealing or any type of fraud claim. As such, the only issue in this action is whether Remcoda provided USF with conforming nitrile gloves.

Despite the exceptionally narrow scope of USF's claims, in its RFPs, USF seeks documents that go far beyond whether it received a nonconforming product from Remcoda. Specifically, USF demands the following documents concerning whether Remcoda had an intent to deliver a nonconforming product, including gloves delivered to third parties entirely unrelated to USF:

RFP 13, 14.   All internal communications at Remcoda, and communications between Remcoda and any third party, regarding Remcoda's ability to deliver Nitrile gloves to USF.

RFP 19, 20.   All internal communications at Remcoda, and communications between Remcoda and any third party, regarding the quality of the Gloves, including the tests

---

[2] *See Sysco Merch. & Supply Chain Servs. v. Remcoda, LLC*, No. 4:22-CV-02075 (S.D. Tex.) (ECF 1 at ¶¶ 37-45).

                performed on the Gloves by third-party test facilities hired by USF and USF's contention that the Gloves were vinyl and not Nitrile.[3]

RFP 28.      All communications between Remcoda and any third party (including other Remcoda customers) contending that disposable gloves delivered by Remcoda were not Nitrile gloves.

Remcoda objected to these RFPs as overbroad, unduly burdensome, and calling for the production of irrelevant information. The RFPs would dramatically increase the scope of discovery in this matter, which is a significant expense for Remcoda, who lacks anything close to the financial resources of USF.

      Under Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Edwards v. Daniels*, 2020 U.S. Dist. LEXIS 101135, *3 (S.D.N.Y. June 9, 2020). Where "the information requested has no conceivable bearing on the case," discovery of the requested material should be denied because Rule 26 "does not allow a party 'to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" *Id.*; *Evans v. Calise*, 1994 U.S. Dist. LEXIS 6187, *3-4 (S.D.N.Y. May 11, 1994).

      Here, USF's RFPs at issue could only be relevant to Remcoda's intent to supposedly deliver a non-conforming product, which has no application to this straightforward breach of contract action under the Uniform Commercial Code that does not include a fraud claim. *See 246 Sears Rd. Realty Corp. v. Exxon Mobil Corp.*, 2011 U.S. Dist. LEXIS 165391, *9, n.2 (E.D.N.Y. Apr. 1, 2011) ("[U]nder New York law, there is a clear distinction between a breach of contract claim and a fraudulent inducement claim"). For example, in *246 Sears*, the court denied plaintiff's motion to compel documents from the defendant that were created prior to the time when the parties executed the governing agreement, because all of plaintiff's claims arose out of that agreement and plaintiff did not plead a fraud claim. The court held that "[u]nder no circumstances would it be appropriate to allow a party to engage in discovery as to an unpleaded and entirely distinct claim." *Id.*; *see also Barbara v. Marinemax, Inc.*, 2013 U.S. Dist. LEXIS 208278, *22 (E.D.N.Y. Mar. 5, 2013) (denying motion to compel because documents sought were "relevant only to the scienter element of a fraud claim" and "irrelevant to their claim for breach of contract"). Likewise, here, USF would have had to have already pleaded a separate and distinct fraud claim in order to now be entitled to communications about Remcoda's ability to fulfill the parties' contract and knowledge of whether its products had defects. However, the FAC does not contain a fraud claim and is strictly limited to breach of the terms of the parties' agreement. Thus, the only relevant issues are what Remcoda promised and what Remcoda delivered. Accordingly, none of the RFPs bears on USF's claims.

      USF's argument that it is broadly entitled to "any communications" about the composition of gloves sold by Remcoda is misplaced. The disputed RFPs will not demonstrate whether the

---

[3] Remcoda has agreed to produce communications between Remcoda and any third party regarding the tests performed on the Gloves by test facilities hired by USF.

gloves were conforming. *See Gottlieb v. Simon*, 1998 U.S. Dist. LEXIS 1718, *5 (S.D.N.Y. Feb. 17, 1998) (denying motion to compel documents establishing plaintiff's net worth, to prove that defendant would not have entered into venture with plaintiff, because "any such argument would be premised on what Simon believed Gottlieb's net worth was at the time, not on what it was in fact"). Indeed, the determination of whether the gloves delivered to USF were made of nitrile requires composition testing and other expert testimony. Remcoda has already agreed to produce certifications or test results in its possession, if any, concerning the composition of the gloves received by Remcoda from the gloves' manufacturer(s) (RFP 3) and test results concerning the composition of the gloves delivered to USF (RFP 4).

USF also argues that the date on which Remcoda supposedly knew that it delivered nonconforming gloves to ***any*** of its customers is relevant to (i) whether Remcoda was on notice that the gloves delivered to USF were nonconforming (ii) but failed to notify USF of a potential nonconformity under the UCC. However, under Del. UCC § 2-608, USF's ability to revoke its acceptance of the gloves depends upon when *USF*, as the buyer, should have discovered the nonconformity and is "not effective until the buyer notifies the seller." USF's citation to Del. UCC § 1-304 is entirely misplaced because the FAC does not assert a claim for breach of the covenant of good faith and fair dealing and does not allege that Remcoda made any false assurances to USF following delivery. *Barbara*, 2013 U.S. Dist. LEXIS 208278, *22 (denying motion to compel because claim "is not alleged" in the complaint "and is therefore outside the scope of relevant discovery"). As such, USF's argument is a red herring.

Further, even if an unrelated Remcoda customer received a nonconforming product under a wholly unrelated agreement, USF could not use such information to prove that the gloves USF received, pursuant to Remcoda's separate agreement with USF, were nonconforming.[4] The Court should not countenance USF's attempt to embark on a fishing expedition into Remcoda's business transactions with third parties unrelated to USF or the gloves it purchased.

Accordingly, requiring Remcoda's compliance with these RFPs would be unduly burdensome and expensive, and ultimately unnecessary.

### III. Conclusion

USF respectfully requests a pre-motion conference concerning Remcoda's responses and objections to five of USF's Requests. If the parties' disputes are not resolved at the conference,

---

[4] Remcoda also denies the allegations in *Sysco Merch. & Supply Chain Servs. v. Remcoda, LLC*, and the *Sysco* court already dismissed Sysco's breach of implied and express warranty claims, except a purported express warranty that Remcoda supposedly made concerning the Federal Food, Drug, and Cosmetic Act, which is not at issue in this action. 2023 U.S. Dist. LEXIS 19129, *24-26 (S.D. Tex. Feb. 6, 2023). Here, USF does not claim that Remcoda had a duty to notify USF of every time a customer made a meritless complaint to Remcoda about any product. In any event, the plaintiff in *Sysco* does not allege that it notified Remcoda of any supposed defect until June 2022 – 17 months after Remcoda completed delivery of nitrile gloves to USF. *Id.* at *21.

April 26, 2023
Page 6

USF further requests leave to file a motion to compel discovery under Federal Rule of Civil Procedure 37(a).  Remcoda opposes any request by USF for leave to file a motion to compel.

| **BAKER HOSTETLER, LLP** | **OVED & OVED LLP** |
|---|---|
| By: /s/ *Torello H. Calvani* | By: */s/ Glen Lenihan* |
| Torello H. Calvani<br>John S. Letchinger<br>Matthew J. Caccamo<br>tcalvani@bakerlaw.com<br>jletchinger@bakerlaw.com<br>mcaccamo@bakerlaw.com | Glen Lenihan<br>Jennifer R. Pierce<br>Terrence A. Oved<br>glenihan@oved.com<br>jpierce@oved.com<br>terry@oved.com |
| Baker & Hostetler LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: (212) 589-4200 | Oved & Oved<br>401 Greenwich Street<br>New York, New York 10013<br>Telephone: (212) 226-2700 |